Welch, J.
It is quite clear to us that the judgment of the district court cannot be maintained upon the ground on which it is placed by that court, namely, that the common pleas erred in refusing leave to amend. This is now conceded by counsel for defendant in error. Motions for leave to amend are addressed to the sound discretion of the court and their refusal cannot be assigned for error, unless, at least in cases where the record sets out all the facts bearing upon the question; and shows afiirmatively that there has been an actual abuse of discretion. Such is far from being the case here. In the first place, to say the least, it is doubtful whether the court had power to allow the amendment asked, *136 which was, in fact, a motion for leave to make a new case. But conceding the power, we can readily imagine circumstances rendering its exercise in the case improper; and in the absence of a bill of exceptions setting forth the contrary, we are bound to presume the existence of such circumstances. Every reasonable intendment must be made in support of the judgment.
But counsel contend that the common pleas erred in rejecting the deed offered by the plaintiff, and that, therefore, the judgment of the district court was right, although that court based it upon a wrong reason. We think the deed was properly rejected. It showed a right of possession in the husband, and not in the wife. It contains no words limiting the rights of the husband, or giving the wife a separate estate. It was executed prior to the date of the act of April 3, 1861, known as “ Key’s Act,” and the rights of the husband under it stand unaffected by the provisions of that act. Under this deed the husband has an inchoate estate of courtesy in the land, with the right of present possession. 0£ this he cannot divest himself by an answer in the case. No such inode of conveyance is known to our laws. And even if he could thus divest himself of title, his answer comes too late to avail the plaintiff, for the reason that her case must be determined upon the rights of parties as they existed at the commencement of her action.
The judgment of the district court must be reversed, and that of the common pleas affirmed.
Brinkerhoff, C.J., and Scott, White, and Bat, JJ., concurred.